# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

URIEL EDWARD SANTANA, )
)
          Plaintiff, )
)
v. )   Case No. 18-2094-DDC-TJJ
)
MKA2 ENTERPRISES, INC., )
D/B/A LEGENDS HONDA, )
)
          Defendant. )

## MEMORANDUM AND ORDER

This is an employment discrimination case. Plaintiff alleges he was discriminated against, retaliated against, and terminated because of his race, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. Defendant has filed a Motion to Compel Discovery Requests (ECF No. 26). Plaintiff opposes the motion (ECF No. 33). For the reasons set forth below, the Court denies the motion.

On June 26, 2018, Defendant served its First Request for Production of Documents on Plaintiff. On August 8, 2018, Plaintiff served his responses and objections on Defendant. After conferring, the parties were unable to resolve their disputes as to Request for Production No. 21. That request states:

> Produce all cellular telephones used by you from the date your employment with Defendant started to the present for purposes of inspection and copying.[1]

Plaintiff's response states:

> Plaintiff objects because this request seeks irrelevant information and is not proportional to the needs of this case. The request is unduly burdensome and invasive in light of the nature of the case—Defendant has shown no need for the production of

---

[1] ECF No. 26-1 at 8.

Plaintiff's cell phone. Further, the majority, if not all, of the
information contained on said device is entirely irrelevant to the
present cause of action and any request for relevant nonprivileged
information can be made through less invasive means.[2]

Although not the subject of the motion to compel, Defendant also requested that Plaintiff "produce a full and complete copy of all text messages between (Plaintiff) and Defendant and between (Plaintiff) and current or former employees of Defendant."[3] Plaintiff's response stated "Plaintiff objects to the extent this request seeks irrelevant information and is not proportional to the needs of this case. Subject to and without waiving said objections, see SANTANA 000007-000010."[4]

The parties agree that the relevancy of a discovery request is governed by Fed. R. Civ. P. 26(b). That rule states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …"[5] The rule goes on to say that the Court must limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative; can be obtained from a more convenient, less burdensome, or less expensive source; or is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).[6]

Defendant argues its request is relevant on its face because Plaintiff's cell phone contains information relevant to his claims and Defendant's defenses, specifically in the form of "texts, other messages, and phone calls to co-workers, former co-workers, and current employees of

---

[2] *Id.*

[3] ECF No. 26-1 at 13, Request for Production No. 41.

[4] *Id.*

[5] Fed. R. Civ. P. 26(b)(1).

[6] Fed. R. Civ. P. 26(b)(2)(C).

Defendant."[7] Plaintiff argues that even if the request is relevant, Defendant's motion to compel should be denied pursuant to Fed. R. Civ. P. 26(b)(2) because the request is unduly burdensome and invasive and is not proportional to the needs of this case. The Court agrees.

Defendant's RFP No. 21 is broad in scope, requesting production of all Plaintiff's cell phones for inspection and copying, without any limitation on the data ultimately to be produced from the copy or image of the phone(s). Defendant in its briefing attempts to limit the request to "texts, other messages, and phone calls to co-workers, former co-workers, and current employees of Defendant." But, on its face the request is not so limited and Defendant sets out no protocol or process through which the data it deems responsive would be culled from the copy or image of the phone(s) and any unresponsive and/or privileged data removed or protected.

In any event, Plaintiff's cell phone likely contains a tremendous volume of information, including possibly text messages, email messages, phone logs, and photographs that are not at all relevant to the claims or defenses in this case. Even many or most of those texts and messages between Plaintiff and his co-workers or former co-workers may have no relevance to the claims and defenses in this case. Further, Defendant does not define what it means by "other messages," or explain how phone calls are relevant. It is not readily apparent how the mere fact that a phone call to a co-worker, former co-worker, or current employee of Defendant was made could be relevant to this employment discrimination case. Even if Plaintiff did call a co-worker, there would be no way to tell what was discussed, or whether the phone call had anything to do with Plaintiff's allegations. Any relevant information concerning phone calls Plaintiff made to or received from co-workers and former co-workers could be more easily and less invasively obtained by asking Plaintiff about the calls during his deposition.

---

[7] ECF No. 26 at 3.

As noted in the Advisory Committee Notes to Fed. R. Civ. P. 34(a):[8]

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Defendant cites no cases involving the imaging of a cell phone and only one case in which a computer inspection and imaging was ordered.[9] However, in *Jacobson*, the Court noted that it was "unusual" to order production of a computer for inspection, but that it did so because the record in that case reflected a history of Starbucks providing incomplete and inconsistent responses to Jacobson's production requests (Starbucks had failed to have three key employees search their computers for documents responsive to plaintiff's discovery requests). As will be discussed in greater detail below, there is no evidence of such a history on the part of Plaintiff in this case. Defendant has never explained why it is necessary for it to conduct a physical inspection and copying of Plaintiff's cell phone(s), and its mere skepticism regarding whether

---

[8] Fed. R. Civ. P. 34(a) advisory committee's note to 2006 amendment.

[9] *Jacobson v. Starbucks Coffee Co.*, No. 05-1338-JTM, 2006 WL 3146349 (D. Kan. Oct. 31, 2006). Defendant also cited *White v. Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning*, No. 07-2319-CM, 2009 WL 722056, at *2–3 (D. Kan. Mar. 18, 2009). However, in *Graceland* the Court found some form of direct access to the computer hard drives that created or modified the documents attached to two specific emails should be allowed but *denied* a request to mirror image the hard drives of those computers. *Jacobson* and the other cases this Court has identified in which computer imaging was ordered are materially different from this case in that computer data was more directly involved or connected to the claims in those cases and/or there had been a history of serious improprieties by the party from whom the data was sought in responding to discovery requests. *See Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668 (D. Kan. Mar. 24, 2006); *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576 (D. Kan. Feb. 24, 2012). The Court also notes that a mirror image of a computer hard drive is different from a physical inspection and copying of a personal cell phone because far more personal and irrelevant information is likely to be stored on a personal cell phone.

Plaintiff has produced complete copies of all responsive text messages from the phone(s) does not warrant such a "drastic discovery measure."[10]

The Court finds that Defendant's RFP No. 21 is overly broad, unduly burdensome and not proportional to the needs and issues of this case. Defendant's separate request for the narrowed scope of text messages also illustrates that Defendant has the ability to obtain relevant cell phone data through less invasive means. In accordance with Rule 34(a), the Court must guard against the undue intrusiveness that would result from the requested inspection and copying of Plaintiff's cell phone(s). The Court will therefore sustain Plaintiff's objections to RFP No. 21.

Defendant requested text messages in another request, which Plaintiff provided. Defendant contends Plaintiff produced an incomplete copy of one of his text conversations, so there could be other missing information that is relevant and discoverable, as justification for its request to image and copy Plaintiff's cell phone. Defendant attached the incomplete text conversation to its motion to compel.[11] But Plaintiff claims when Defendant raised this issue, Plaintiff realized he had mistakenly failed to produce the entire conversation[12] and then remedied the issue by producing the entire conversation, which is attached to Plaintiff's response.[13] Defendant fails to address Plaintiff's statement that he remedied the issue or explain whether there is another conversation produced with which Defendant has concerns. From the briefing

---

[10] *McCurdy Group v. American Biomedical Group, Inc.,* 9 Fed. Appx. 822, at *7 (10th Cir. 2001). *See also Charles Schwab & Co., Inc. v. Highwater Wealth Mgmt., LLC*, No. 17-cv-00803-CMA-NYW, 2017 WL 4278494, at *7 (D. Colo. Sept. 27, 2017) (denying a request to conduct forensic imaging on a personal cell phone because such a search would "capture information that is not relevant *at all* to this action." Additionally, the party requesting the search made no showing that any discovery was being withheld or that it could not have used other discovery methods "to seek the allegedly missing text messages" or other information that was allegedly on the cell phone.).

[11] ECF No. 26-4.

[12] ECF No. 33 at 3, n. 6.

[13] ECF No. 33-1.

and evidence provided, it does not appear there is any history of Plaintiff failing to provide discovery responses in good faith. To the extent, if any, that there are any problems with incomplete production of text messages by Plaintiff to date, those deficiencies will be corrected and resolved by the Court's order, below.

Although not raised by Defendant, to the extent Plaintiff has failed to fully respond to RFP No. 41, Plaintiff is directed to supplement his answer. That request asks for a complete copy of all text messages between Plaintiff and Defendant and between Plaintiff and current or former employees of Defendant. Plaintiff's objection states: "Plaintiff objects to the extent this request seeks irrelevant information and is not proportional to the needs of this case. Subject to and without waiving said objections, see SANTANA 000007-000010." This is a conditional objection. "Conditional objections occur when 'a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.'"[14] It is well settled in this district that "conditional answers are invalid and unsustainable."[15] Therefore, Plaintiff is ordered to produce complete copies of all responsive text messages to the extent they have not already been produced. This will address Defendant's concerns regarding Plaintiff's alleged incomplete production of responsive text messages without the need for imaging Plaintiff's cell phone. If Plaintiff has provided all responsive text messages, Plaintiff shall supplement his answer to so state.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Discovery Requests (ECF No. 26) is denied.

---

[14] *U, Inc. v. ShipMate, Inc.*, No. 14-2287-JTM-TJJ, 2015 WL 3822731, at *3 (D. Kan. June 19, 2015).

[15] *Sprint Comm. Co., L.P. v. Comcast Cable Comm., LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

**IT IS FURTHER ORDERED** that Plaintiff shall, prior to Plaintiff's deposition, supplement his response to Request for Production No. 41 and produce complete copies of all responsive text messages to the extent they have not already been produced.

**IT IS SO ORDERED.**

Dated January 8, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge